UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMPIRE FIRE AND MARINE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 06-CV-0322-CVE-PJC ) |
| TIMELINE RECOVERY, L.L.C., and JOHNNY MILLER, | ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Before the Court is the Motion to Intervene as a Defendant Under Rule 24(a)(2) (Dkt. # 8), filed by Robert Knight ("Knight"). On June 22, 2005, Empire Fire and Marine Insurance Company ("Empire") filed a complaint seeking declaratory judgment that it did not have a legal duty to defend or indemnify Timeline Recovery, L.L.C., ("Timeline") or Johnny Miller ("Miller") in a pending civil action in Creek County District Court.[1] Knight filed the underlying state action against defendants Timeline and Miller based on injuries sustained in a car accident. On January 17, 2003, Miller traveled to Muskogee, Oklahoma on a repossession assignment from Timeline. Timeline provided a Chevrolet pick-up truck to Miller. Miller's friend, Melissa Stone ("Stone"), joined him for the trip. At approximately 7:30 a.m. on January 17, 2003, on the road returning from Muskogee, Stone was behind the wheel of the Chevrolet and collided with Knight. Knight and Miller were injured and Stone was killed. In his state action, Knight alleges Timeline and Miller are liable under theories

---

[1] Case No. CJ-2004-482.

of respondeat superior, permissive use, and negligent entrustment.  Knight seeks to intervene in Empire's declaratory action as a necessary defendant.

Under Fed. R. Civ. P. 24(a), an applicant may intervene as a matter of right if "(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties." Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of Interior, 100 F.3d 837, 840 (10th Cir. 1996) (internal quotation marks omitted). Although timely, Knight's application to intervene fails because he does not satisfy the other prongs of the test.  Having reviewed the record, the Court finds that there is no actual controversy between Knight and Empire, given that Knight's state action is still pending.  Accordingly, Knight has no present, adverse legal interest at issue.  Knight argues that his interest in Empire's policy is clear because he has an interest in effectuating recovery from Timeline and Miller in the underlying state tort action.  However, Knight's interest in Empire's insurance is contingent and too speculative to justify intervention. See Bottoms v. Dresser Industries, Inc., 797 F.2d 869, 874 (10th Cir. 1986).  Knight has no legal relationship with Empire and no present legal interest in the obligations of Empire to its purported insured.  Any legal interest presently possessed by Knight is related solely to the alleged tortious acts of Empire's purported insured, not Empire.   Further, Timeline has an actual interest in contesting Empire's request for declaratory judgment and will adequately represent Knight's contingent  interest in the insurance coverage dispute.  Knight "has not offered any concrete evidence demonstrating inadequacy of representation or impairment of his interest." Bottoms, 797 F.2d at 874.

Reading Knight's motion liberally, the Court will also treat it as an application to intervene pursuant to Fed. R. Civ. P. 24(b). Under Rule 24(b), "anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Id. However, "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id. Empire's action seeks a determination of whether it has an obligation to defend and indemnify Timeline and Miller. Knight's intervention would unnecessarily complicate this declaratory judgment action "by allowing issues of negligence and damages to surface." Redland Insurance Co. v. Chillingsworth Venture, Ltd., 171 F.R.D. 206, 208 (N.D. Ohio 1997). The Court will not permit Knight to intervene, as his intervention would unduly delay the adjudication of the rights of the original parties.

**IT IS THEREFORE ORDERED** that Robert Knight's motion to intervene (Dkt. # 8) is **denied**.

**DATED** this 10th day of August, 2006.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3